**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-055-RLV-DCK**

| | |
|---|---|
| GARY J. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 7) and "Commissioner's Motion For Summary Judgment" (Document No. 9). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be <u>denied</u>; that the "Commissioner's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I.     BACKGROUND**

Plaintiff Gary J. Anderson ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On August 25, 2005, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq*., alleging an inability to work due to a disabling condition beginning September 15, 2002. (Transcript of the Record of Proceedings ("Tr.") 30, 74-76). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 13, 2005,

and again after reconsideration on May 31, 2006. (Tr. 30, 57-59, 70-73). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 57).

Plaintiff filed a timely written request for a hearing on July 31, 2006. (Tr. 30, 53). On February 6, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Joseph E. Brezina ("ALJ"). (Tr. 30, 328-373). In addition, Louise H. Walker, a vocational expert ("VE"), and Roger Martin, claimant's case manager, and V. Tate Davis, Plaintiff's attorney, appeared at the hearing. Id. At the hearing, Plaintiff's alleged disability onset date was revised from September 15, 2002 to November 2, 2004. (Tr. 30).

The ALJ issued an unfavorable decision on November 3, 2008, denying Plaintiff's claim. (Tr. 27-38). Plaintiff filed a request for review of the ALJ's decision on December 30, 2008, which was denied by the Appeals Council on June 22, 2009. (Tr. 24, 20-22). The November 3, 2008 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on April 4, 2013. (Document No. 1). On April 5, 2013, the undersigned was assigned to this case as the referral magistrate judge. "Plaintiff's Motion For Summary Judgment"

(Document No. 7) and "Plaintiff's Brief Supporting Motion For Summary Judgment" (Document No. 8) were filed September 3, 2013; and the "Commissioner's Motion For Summary Judgment" (Document No. 9) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 10), were filed October 29, 2013. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing

disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between November 2, 2004, and December 31, 2007.[1] (Tr. 31). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

>    (1)   whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
>    (2)   whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
>    (3)   whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 38).

## A. ALJ Decision

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since November 2, 2004, his alleged disability onset date. (Tr. 32). At the second step, the ALJ found that "a birth defect of the left hand; a major depression and a panic disorder; and degenerative disk disease with subjective complaints of back pain due to arthritis" were severe impairments. (Tr. 32).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 34).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> requires work that is low stress (non-production oriented); simple, unskilled work activity which only requires one, two, or three step instructions; work that is not in close proximity to coworkers (meaning that the individual could not function as a member of a team); and, work that is not in direct contact with the public; he can lift or carry ten pounds frequently, and up to 20 pounds occasionally (from very little, up to 1/3 of an eight hour workday); he can stand and/or walk (with normal breaks) for a total of six hours in an eight hour workday; he can perform pushing and

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> pulling motions with his right upper and both lower extremities, within the aforementioned weight restrictions; he can only occasionally perform pushing; pulling motions with his left upper extremity; he can perform activities requiring manual dexterity for both gross and fine manipulation with reaching and handling with his right-dominant hand; he can only use his left hand as a guide; and he can perform each of the following postural activities occasionally; climbing (ramps/stairs), balancing, stooping, kneeling, crouching, or crawling.

(Tr. 35). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. The ALJ also "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id. The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." Id.

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work as a manager of automobile parts store. (Tr. 37). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity," that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 37-38). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included photo copy machine operator (DOT Code No. 207.685-014), sealing and cancelling operator (DOT Code No. 208.685-026), and router (DOT Code No. 222-587-038). (Tr. 38). Therefore, the ALJ

concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between November 2, 2004, and the date of his decision, November 3, 2008. (Tr. 38).

**B. Plaintiff's Assignment Of Error**

Plaintiff on appeal to this Court only assigns error to the ALJ's purported failure to properly evaluate a medical opinion of record. (Document No. 8). Specifically, Plaintiff contends that his ability to use his congenitally deformed left hand is significantly more restricted than the ALJ's RFC findings. (Document No. 8, pp.3-8). The undersigned will discuss this contention below.

In his assignment of error, Plaintiff notes that the ALJ found "Plaintiff's 'birth defect of the left hand' to be a severe medically determinable impairment," but also found "that Plaintiff can occasionally perform pushing; pulling motions with his left upper extremity," and "with regard to reaching and 'activities requiring manual dexterity for both gross and fine manipulation,' Plaintiff 'can only use his left hand as a guide.'" (Document No. 8, p.4). Plaintiff contends that "the ALJ overstated Plaintiff's ability to use his congenitally deformed left hand." (Document No. 8, p.5). Plaintiff concludes that the "ability to use an upper extremity to pull necessarily requires the ability to use the hand of that extremity to grip." Id.

According to Plaintiff, the report of consultative examiner Joel M. Hartman, M.D. ("Hartman") "establishes that Plaintiff cannot use his congenitally deformed left hand to grip." (Document No. 8, p.6). Hartman stated that Plaintiff:

> obviously has a birth defect of the left hand which could compromise flexion and extension of the wright, although it is difficult to test today, he did seem to have intact range of motion of the left wrist. Due to his physical deformity, he would not be able to perform any fine motor skills or lifting with is left hand and this does pose a functional impairment due to the fact that he could not use this hand due to his birth defect. . . . I cannot test the grip strength in his left hand due to congenital deformity.

(Document No. 8, p.6) (quoting Tr. 134-135).

Most specifically, Plaintiff now asserts that the ALJ failed to evaluate and assign weight to Dr. Harman's medical opinion, as required by 20 C.F.R. § 404.1527(c), and thus, the ALJ failed to resolve a substantial conflict between a medical opinion of record and the RFC assessment in the decision. (Document No. 8, p.7).

Defendant asserts in pertinent part that Plaintiff cites no authority to support his conclusion that the ability to pull requires the ability to grip. (Document No. 10, p.6). Defendant first argues that the inability to grip with the left hand does not *automatically* preclude pulling with the left upper extremity in every instance. Id. Moreover, Defendant contends that Plaintiff's hand deformity that leaves him with two fingers that resemble a "claw" or a "crescent wrench" does not necessarily prevent him from pulling a lever or drawer. (Document No. 10, p.7) (quoting Tr. 102, 138).

Next, Defendant asserts that the record demonstrates that Plaintiff is able to grip with his left hand. Id. Defendant notes that Plaintiff relies on a November 12, 2005 exam by Dr. Hartman, but Dr. Hartman never tested Plaintiff's grip strength in his left upper extremity. (Tr. 134-135). Dr. John L. Bond, Plaintiff's treating physician, did test Plaintiff's grip strength on November 8, 2004, and Dr. Bond stated that "[n]eurological exam he has good grip strength in the upper extremities *bilaterally* with no evidence of muscle wasting." Id. (citing Tr. 131, 148). Defendant contends Dr. Bond's finding contradicts Plaintiff's assertion that he was unable to grip with his left hand. (Document No. 10, p.8).

The undersigned observes that the ALJ decision specifically discussed Dr. Hartman's examination, including his notation that "the claimant presented with a claw-like deformity of the left hand with missing fingers." (Tr. 33). The ALJ clearly considered this impairment when

8

he opined that Plaintiff was limited "to light work with use of the claimant's congenitally deformed hand only as a guide or assistance to the dominant right hand." (Tr. 36); see also (Tr. 34-35). In addition, one report in the record describes "numbness in hands, sensitive to cold. grip strength worsened. able to turn door knobs. left hand birth defect." (Tr. 102); see also (Tr. 220) ("Able to turn door knob with left or right hand"). The record indicates the ability to grip with both hands, although the grip strength of one or both hands may have worsened. (Tr. 102, 220).

The undersigned further observes that Dr. Hartman's opinion notes that Plaintiff was "born with a birth defect of the left hand *and this has been stable*." (Tr. 132) (emphasis added). It does not appear that Plaintiff is arguing that there has been any change in Plaintiff's ability to use his left hand or arm that further limited his ability to work during the relevant time period. As noted by Defendant, Plaintiff, despite his deformity, worked for 14 years as a manager of an auto parts store – a position that required him to handle, grasp and grab big objects weighing over 100 pounds. (Document No. 10, p.8) (citing Tr. 89-90).

Finally, Defendant asserts that the record contains a non-examining medical source opinion from Dr. Robert N. Pyle Jr., which supports the Commissioner's position. (Document No. 10, p.8) (citing Tr. 213-220). On November 27, 2005, Dr. Pyle reviewed the medical evidence pertaining to Plaintiff's deformed left hand and concluded that Plaintiff could nevertheless occasionally pull with his left upper extremity. (Tr. 214). Moreover, Dr. William Farley reviewed Plaintiff's records on May 22, 2006, and affirmed Dr. Pyle's opinion (Tr. 212). According to Defendant, the only medical experts to review Plaintiff's records and actually comment on his ability to pull have each concluded that he is able to pull occasionally with his left upper extremity. (Document No. 10, p.8).

9

Defendant concludes that "the objective evidence and Plaintiff's subjective reports and work history establish that he is able to grip with his left hand." Id. Thus, even if this Court accepts his contention that the ability to pull requires the ability to grip, it should find no error as Plaintiff has the ability to grip with his left hand." (Document No. 10, p.8-9). "Moreover, this Court can confidently affirm the ALJ's finding that Plaintiff is able to occasionally pull with his left upper extremity because the medical opinion evidence establishes that such is the case." (Document No. 10, p.9).

The undersigned finds Defendant's arguments compelling. The undersigned is persuaded that the ALJ properly considered the medical evidence and that neither the ALJ's evaluation of Dr. Hartman's opinion, or Plaintiff's left hand deformity, require remand.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 7) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 9) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 29, 2014

David C. Keesler
United States Magistrate Judge